UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 19, 2006[*]
Decided June 26, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4479

| | |
|---|---|
| THOMAS E. OTT,<br>　　　*Plaintiff-Appellant,*<br><br>　　v.<br><br>EDINBURGH COMMUNITY<br>SCHOOL CORPORATION, et al.,<br>　　　*Defendants-Appellees.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division<br><br>No. 1:03-cv-1413-JDT-WTL<br><br>John Daniel Tinder,<br>*Judge.* |

**O R D E R**

Thomas Ott was hired on a one-year contract to teach special education and coach the boys' football and girls' basketball teams at Edinburgh High School in Indiana for the 2001-2002 academic year. He has a criminal record, which he disclosed to the school board before he was hired, but which troubled the new superintendent, Rebecca Sager, who was hired later that academic year. Ott's contract was not renewed, and he brought a multicount complaint against the Edinburgh Community School Corporation, Sager, and Dale Bowers, a member of the school board. The defendants were awarded summary judgment on all claims. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

We review the facts in the light most favorable to Ott. *See Scaife v. Cook County*, 446 F.3d 735, 738-39 (7th Cir. 2006). Ott initially applied for the position of boys' football coach at Edinburgh High School. When he interviewed for that job in May 2001, he disclosed to Bowers and the other members of the school board that he had several criminal convictions (including one for conspiracy to distribute marijuana) but assured them that he had turned his life around. Bowers told Ott that his criminal history was not an issue. Apparently it wasn't; the school board offered Ott the coaching position the next month.

Ott, who was living in Nevada at the time, accepted the coaching position knowing that the low salary meant he would have to find other employment. Before the school year began, the school board offered him additional positions teaching special education and coaching girls' varsity basketball. Ott was licensed to teach only physical education, so the interim superintendent applied for a limited teaching license that would allow Ott to teach special education classes for one academic year. *See* 515 IND. ADMIN. CODE 1-2-20(a) (2005). To obtain the limited license, the superintendent had to and did certify that the district was unable to find a licensed applicant for the position of special education teacher. *See id.* § 1-2-20(b)(4). The limited license came through, and Ott signed a written contract for the 2001-2002 academic year to serve in both coaching positions and as the special education teacher. On March 28, 2002, the interim superintendent asked Ott to provide written documentation that he would have sufficient academic work completed to qualify for a limited license renewal before the first day of the next school year. *See id.* § 1-2-20(b)(6) (allowing limited license to be "renewed every year upon completion of six (6) semester hours of course work directed toward a standard license in the limited license subject area"). The deadline for providing the documentation was May 1, 2002.

Problems began for Ott in April 2002, shortly after Sager was hired as the new superintendent. Sager met with Bowers, who provided her with Ott's criminal record. At a meeting of the school board on April 29, 2002, Sager recommended not renewing Ott's teaching contract due to the expiration of his limited license. The board agreed, and Ott was notified by letter the next day. In the letter Sager told Ott that she had not received the licensing documentation the interim superintendent had requested, though she mistakenly wrote that the documentation had been due April 1, rather than May 1 as the original request specified. Sager then posted a job opening for the position of special education teacher.

As word of the nonrenewal of Ott's teaching contract spread to the media, Ott's coaching duties came under fire. School board members voted to terminate Ott as the girls' basketball coach effective immediately, but allowed him to remain

as the boys' football coach through the 2002 season on the condition that he submit to biweekly drug tests.

Meanwhile, Ott tripped on a piece of carpet at school and injured his back, causing him to resign as football coach on September 6, 2002. Four qualified and fully licensed special education teachers applied for the special education teaching position in August 2002, but the program was ultimately discontinued because there were not enough students remaining in it to justify hiring a new teacher.

Ott's complaint alleged denials of equal protection and due process under 42 U.S.C. § 1983; a violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; breach of contract; defamation; and intentional infliction of emotional distress. In granting the defendants' motion for summary judgment, the district court addressed each of Ott's claims. On his equal protection claim the court determined that Ott was not a member of a protected class and had not shown that there were similarly situated employees who were treated more favorably. As for his due process claim, the court held that Ott had no property right in continued employment given that his contract was for a single academic year. The court also found nothing in the record to suggest that Ott ever sought medical leave under the FMLA following his injury. The court granted summary judgment dismissing Ott's contract claim because the contract had expired on its own terms and Ott was given statutory notice of its nonrenewal. Ott's defamation claim faltered because Ott himself had been the first to disclose his criminal record and, in any event, the information was true. Finally, the court dismissed Ott's claim for intentional infliction of emotional distress because there was no evidence that Sager and Bowers had acted so outrageously as to shock anyone's conscience.

On appeal Ott's burden is to demonstrate that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Ott points to several facts, but he does not tie them to any of his legal theories. Furthermore, some of his factual assertions are unsupported by the record. For example, Ott asserts that he was employed as a "regular teacher" at all times and that the Indiana Professional Standards Board deemed him fit to teach in Indiana. To the contrary, Ott was a nonpermanent teacher employed on a limited license for purposes of the nonrenewal of his single-year contract. *See* IND. CODE § 20-28-7-8. Ott also asserts that Indiana law does not require a local school corporation to post a position that is presently filled by a teacher on a limited license, but this is irrelevant to Ott's claims.

Ott has abandoned his due process and equal protection claims. His only argument on appeal is his assertion that the school board singled him out by requiring him to take drug tests. Ott claims the athletic director was caught stealing from the school and yet was never required to take a drug test. But Ott

and the athletic director are not similarly situated. Ott has a felony drug conviction on his record, whereas the athletic director was never prosecuted for any crimes. *See Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000) (explaining that employees are not similarly situated unless they "engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct"); *Vukadinovich v. Bd. of Sch. Trs. of Mich. City Area Schs.*, 978 F.2d 403, 414 (7th Cir. 1992) (holding that a school board did not violate equal protection by discharging teacher with a history of alcohol problems and an arrest record because the teacher could not show any similarly situated teacher was treated more favorably).

Regarding his breach-of-contract claim, Ott maintains that he satisfied the interim superintendent's request for documentation verifying that he would qualify for license renewal by the start of the next school year. For support, he points to a letter that appears to be a recommended class schedule and also to enrollment-verification reports from the college where he was registered. But the enrollment reports are dated June 30, 2005, long after the deadline for providing the documentation as well as the expiration of his contract. And although the class schedule letter is dated March 20, 2002, it was not verified as an official college admission document until June 30, 2005—again, long after the expiration of his contract. Ott's argument that Sager denied him a written evaluation to which he was statutorily entitled, *see* IND. CODE § 20-28-7-9 (formerly § 20-6.1-4-14), was never made in the district court and is therefore waived on appeal. *See King v. Ill. State Bd. of Elections*, 410 F.3d 404, 424 (7th Cir. 2005).

Also lacking support is Ott's assertion that Sager and Bowers defamed him by calling him a "fraudulent, immoral liar"; there is no no evidence that Sager or Bowers made that statement. *See Thurman v. Vill. of Homewood*, 466 F.3d 682, 687 (7th Cir. 2006) (noting that plaintiff at summary judgment cannot rest on mere allegations of defamation). And although Ott decries what he considers the wrongful disclosure of his undisputed criminal record, truthful disclosures give rise to no tort claims under Indiana law. *See Doe v. Methodist Hosp.,* 690 N.E.2d 681, 687, 693 (Ind. 1997).

The nub of this case is that Ott feels cheated. He was up front about his criminal record, and Bowers assured him that it was not an issue. Later, under a new superintendent, it became an issue. But Ott's contract was for one year only, and when it expired, the school board could do as it chose.

AFFIRMED.